# Illinois Official Reports

## Appellate Court

*People v. Mueller*, 2013 IL App (5th) 120566

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBBIE MUELLER, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-12-0566 |
| Filed<br>Rehearing denied | December 26, 2013<br>January 24, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Regardless of defendant's attempt to preserve a defense and the trial court's acknowledgement that the purpose of defendant's stipulated bench trial was to preserve defendant's right to appeal certain issues, the stipulated bench trial was tantamount to a guilty plea when defendant stipulated that the evidence was sufficient to convict, since the stipulation that the evidence was sufficient to convict transformed the stipulated bench trial into a guilty plea, all nonjurisdictional issues were waived, and defendant could not raise claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. |
| Decision Under Review | Appeal from the Circuit Court of Perry County, No. 10-CF-84; the Hon. Richard A. Aguirre, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Charles H. Stegmeyer, of Stegmeyer & Stegmeyer, Ltd., of Belleville, for appellant.

David Stanton, State's Attorney, of Pinckneyville (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE STEWART delivered the judgment of the court, with opinion.
Justices Spomer and Cates concurred in the judgment and opinion.

## OPINION

On November 24, 2010, the State charged the defendant, Robbie Mueller, with four counts of first-degree murder, one count of aggravated kidnapping, two counts of home invasion, one count of residential burglary, one count of kidnapping, and one count of concealment of a homicidal death. On September 13, 2012, the parties appeared in court and the State filed an amended information charging the defendant with first-degree murder (accountability) in violation of section 9-1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(1) (West 2010)). The State informed the court that the parties were prepared to enter into a stipulated bench trial. The following colloquy took place:

"THE COURT: Okay. So what you gentlemen call a stipulated bench trial, the Court is going to call a stipulation that the facts are sufficient to convict. Is that correct?

MR. STEGMEYER [defense counsel]: That is absolutely correct."

Before the trial court accepted the stipulation, the court admonished the defendant in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 2012). The court explained to the defendant that he had the constitutional right to confront his accusers, but that if he stipulated that there was evidence sufficient to convict, no witnesses would be brought in and there would "not be a trial of any kind." He stated that he understood. The trial court further informed the defendant:

"All you're simply saying with this particular type of proceeding [is] that, Judge, the evidence is sufficient to convict me. I am not contesting that. I am giving up my rights that I would have to do that. You have already waived your right to a trial by jury and you understand that. So that's not a factor any more but you would be waiving it now, if nothing else. Do you understand that?"

The defendant stated that he understood.

The court asked the defendant if anybody threatened or forced him into entering this proceeding to stipulate to the court that there was evidence sufficient to convict him. He stated,

- 2 -

"Absolutely not." The defendant agreed that his stipulation was of his own free will because he thought it was the best thing for him to do under the circumstances.

¶ 4 The court explained that previous motions had been denied, including a motion to suppress the defendant's statement. The court stated: "So the only purpose of this proceeding would be to preserve your right to appeal those points. Do you understand that?" The defendant stated that he did. The court told the defendant that if he did not appeal any of those points within 30 days of the sentence, he would have 30 days from that date to ask the court to vacate the sentence and allow him to go to trial. If his motion to vacate was denied, he would have 30 days to appeal. The court told him, "The point being that if you didn't follow this procedure, you would lose the right to appeal which was the purpose of this proceeding." The defendant indicated that he understood.

¶ 5 The State informed the court that the stipulation included an agreement that digital and written copies of the statement the defendant gave to police and that was the subject of the motion to suppress be entered into the record under seal. The State presented the court with a nine-page statement of facts signed by the State, the defendant, and defense counsel.

¶ 6 The State gave the following summary of the stipulated facts "sufficient for the Court to find the defendant guilty this day." On July 25, 2010, the body of a young female was found floating near the Beaucoup Bridge south of Pinckneyville, Illinois. The body was later determined to be that of 15-year-old Sidnee Stephens. An investigation ensued that led the police to interview Carl Dane. Mr. Dane confessed to the murder and said that James Glazier and the defendant were also involved. Mr. Glazier was interviewed, and he admitted his involvement and stated that the defendant was also present. The defendant was brought in for questioning. His mother accompanied him. During the interview, after denying culpability and after being read his *Miranda* rights, the defendant admitted that he was present when the victim was killed. He admitted that he was with Mr. Dane and Mr. Glazier when they went inside the victim's home, wrestled with her, choked her until she passed out, dragged her outside, put her in a vehicle, and drove her to the Beaucoup Bridge, where they pushed her into the creek. The court reviewed the statement of facts and asked the defendant whether he had the opportunity to review it. He answered in the affirmative. The defendant verified his signature on the document and stated that there was nothing in the statement that he wished to disallow. The trial court asked if there was anything else either side wanted to present. Both stated that there was nothing else.

¶ 7 The trial court found as follows:

"The Court finds the defendant understands the nature of the charge, the possible penalties, and he has knowingly and voluntarily entered a stipulation [that] the evidence is sufficient to convict; and further that he is aware of the consequences of that determination in giving up his right to confront and cross-examine his accusers, and accordingly and the Court further finds that there is a factual basis for this plea, and accordingly this matter is hereby going to be set for sentencing."

The trial court entered an order stating that the defendant entered into a stipulation and that he agreed "that there is evidence sufficient to convict." The court found the defendant guilty of first-degree murder (accountability) and sentenced him to 37 years' imprisonment.

¶ 8        On November 14, 2012, the defendant filed a motion to withdraw his guilty plea and to vacate judgment. The State filed a motion to strike the defendant's motion. On December 13, 2012, the trial court heard and denied the defendant's motion. The trial court noted that the case involved a stipulation that the evidence was sufficient to convict and that "the purpose of that stipulation that the evidence was sufficient to convict is to preserve issues on appeal, because when a defendant pleads guilty without such a stipulation he waives all errors up until that point."

¶ 9        The defendant filed a timely notice of appeal. We affirm.

¶ 10                                ANALYSIS

¶ 11        The defendant argues that his due process rights were violated under federal and state law as a result of a custodial interrogation. Before we can address that issue, we must first consider whether the defendant was convicted of first-degree murder at a stipulated bench trial or upon a guilty plea.

¶ 12        A guilty plea waives all nonjurisdictional defenses or defects, but a stipulated bench trial avoids the waiver rule while allowing the parties to proceed with the benefits and conveniences of a guilty plea procedure. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). There is a subtle difference between a stipulated bench trial and a guilty plea. *People v. McIntyre*, 221 Ill. App. 3d 810, 813 (1991). "Whether a stipulated bench trial was tantamount to a guilty plea is a question of law, which this court reviews *de novo*." *People v. Foote*, 389 Ill. App. 3d 888, 893 (2009).

¶ 13        When the State's entire case is presented by stipulation and the defendant does not present or preserve a defense, or where the stipulation includes a statement that the evidence is sufficient to convict the defendant, the stipulation implicates fundamental due process concerns and can only be waived by the defendant personally. *People v. Campbell*, 208 Ill. 2d 203, 218 (2003). In a stipulated bench trial, the defendant stipulates to the State's evidence, not to the legal conclusion to be drawn from that evidence. *Horton*, 143 Ill. 2d at 21. The court then must make a determination whether the defendant is guilty or not guilty based on facts that are not disputed. *McIntyre*, 221 Ill. App. 3d at 813. If the stipulation includes a statement that the evidence is sufficient to convict the defendant, it is tantamount to a guilty plea regardless of whether a defense was presented or preserved. *Foote*, 389 Ill. App. 3d at 895.

¶ 14        The supreme court in *People v. Horton* examined whether the defendant's two stipulated bench trials were tantamount to guilty pleas. *Horton*, 143 Ill. 2d at 18. At the first trial, all of the State's evidence was presented by way of stipulation except for the testimony of one witness. *Id.* at 16. The court asked the defendant if he wished to testify or present any evidence, and he declined. *Id.* at 17. After the State's closing argument, defense counsel stated: " '[T]he defendants are not contesting the sufficiency of the evidence to convict with reference [to] these charges that are before the court at this time. The purpose of the stipulation is to preserve appeal on the previously denied motions to quash arrest and suppress the lineup.' " (Emphasis omitted.) *Id.* The trial court found the defendant guilty. *Id.*

¶ 15    The supreme court found that defense counsel did not stipulate as to the legal conclusion to be drawn from the evidence. *Id*. at 21. Defense counsel stipulated to the State's evidence and in closing argument commented that the evidence was sufficient to convict. *Id*. The court found that despite the fact that defense counsel conceded the sufficiency of the evidence, the State still had to prove the defendant guilty beyond a reasonable doubt. *Id*. The court held that because closing arguments are not considered evidence, when counsel conceded the sufficiency of the evidence to convict, the defendant was not entering a guilty plea. *Id*.

¶ 16    The court then examined the defendant's second trial. In that case, defense counsel stated: " 'And [the defendant], through me, acknowledges that there is sufficient evidence to convict him of armed robbery and aggravated battery as charged. *** [I]n terms of [the] sufficiency of the evidence, we are stipulating.' " (Emphasis omitted.) *Id*. at 18. The court found that in the second trial, defense counsel not only conceded the sufficiency of the evidence, but stipulated to the sufficiency of the evidence to convict. *Id*. at 22. The court held that even though the defendant presented and preserved a defense in his second stipulated bench trial, defense counsel's comment stipulating to the sufficiency of the evidence to convict resulted in the trial being tantamount to a guilty plea. *Id*.

¶ 17    To eliminate any misunderstanding in a stipulated bench trial, the trial court should elicit from the accused that he is presenting and preserving a defense and that he is not stipulating that the evidence is sufficient to convict, because failure to establish either of these factors renders a would-be stipulated bench trial tantamount to a guilty plea. *Foote*, 389 Ill. App. 3d at 896. If the wrong language is used in a stipulated bench trial, the trial becomes tantamount to a guilty plea and the very issue sought to be preserved is foreclosed. *People v. Gonzalez*, 313 Ill. App. 3d 607, 618 (2000). This is precisely what happened in the instant case.

¶ 18    In the instant case all the parties thought they were proceeding with a stipulated bench trial. The trial court stated numerous times that the purpose of the defendant's stipulation that the evidence was sufficient to convict was to preserve issues for appeal. However, it is the stipulation that the evidence is sufficient to convict that transforms a stipulated bench trial into a guilty plea. Such a stipulation draws a legal conclusion from the evidence. At the start of the proceedings, the trial court stated: "So what you gentlemen call a stipulated bench trial, the Court is going to call a stipulation that the facts are sufficient to convict. Is that correct?" Defense counsel responded in the affirmative. Throughout the proceedings, the trial court stated that the defendant stipulated that the evidence was sufficient to convict him. Defense counsel, the defendant, and the State never objected or attempted to clarify that they were stipulating to the facts, and not to the sufficiency of the evidence to convict. The defendant even acknowledged that he understood that in this proceeding he was admitting that the evidence was sufficient to convict him. Despite the fact that the parties attempted to preserve a defense and the court acknowledged that the purpose of the proceeding was to preserve the defendant's right to appeal certain issues, the defendant's stipulation that the evidence was sufficient to convict him was tantamount to a guilty plea.

¶ 19    When a defendant pleads guilty, he waives all nonjurisdictional issues. *People v. Stice*, 160 Ill. App. 3d 132, 138 (1987). The defendant's guilty plea is a break in the chain of events which preceded it in the criminal process. *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008). The

defendant cannot then raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Id*. Because the defendant's stipulation was tantamount to a guilty plea, he waived all nonjurisdictional issues, and we need not reach the issue he raises on appeal.

¶ 20                                          CONCLUSION

¶ 21          For the foregoing reasons, the judgment of the circuit court of Perry County is affirmed.

¶ 22          Affirmed.