NOTICE

Decision filed 02/03/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 180249-U

NO. 5-18-0249

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Hamilton County. |
| | ) | |
| v. | ) | No. 14-CF-05 |
| | ) | |
| BRANDON S. SKELTON, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the defendant did not satisfy the "cause" prong of the cause-and-prejudice test, the circuit court did not err in denying him leave to file a successive postconviction petition, and given that any argument to the contrary would lack merit, we grant defendant's appointed appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Brandon S. Skelton, appeals the circuit court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion for leave to withdraw as counsel with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD notified defendant of its motion, and this court provided him with an opportunity to file a response, which he has done. However, after considering OSAD's motion and memorandum and defendant's

1

response, and the entire record on appeal, we agree that this appeal presents no issue of even arguable merit. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                  BACKGROUND

¶ 4       The charge at issue arose after defendant was arrested for an unrelated offense. As he was being arrested, he handed his phone to his roommate. Later, the roommate found images that disturbed him to the extent that he contacted the police. Defendant ultimately pled guilty to possession child pornography with intent to distribute (720 ILCS 5/11-20.1(a)(2) (West 2014)). Pursuant to a plea agreement, defendant was sentenced to 8½ years' imprisonment. The State's factual basis showed that defendant consented to a search of his phone, which revealed images of child pornography.

¶ 5       In 2015, defendant filed a *pro se* postconviction petition. See 725 ILCS 5/122-1 *et seq.* (West 2014). In it, he alleged that the prosecution coerced him into pleading guilty by threatening him with both state and federal charges. Defendant alleged that defense counsel was ineffective for not advising him that "the State cannot charge both State and Federal Charges," and for failing to interview or subpoena witnesses, or to inform defendant of the potential sentences.

¶ 6       The circuit court dismissed the petition, finding it frivolous and patently without merit. The court noted that defendant did not attach any affidavits or other evidence in support of the alleged errors. Defendant appealed, but later dismissed his appeal.

¶ 7       In 2017, defendant, through newly appointed counsel, filed a second postconviction petition. Defendant claimed that newly discovered evidence would likely establish his innocence. He also claimed that defense counsel was ineffective in that he refused to aid in his defense, call or accept calls from witnesses, or file any motions of his behalf. Defendant also alleged that

2

counsel coerced him into accepting the plea, took advantage of his legal inexperience, did not fully inform him as to what he was pleading to, and refused to go through discovery with him. Finally, defendant alleged that an illegal search of his phone violated the fourth amendment.

¶ 8 The newly discovered evidence consisted of a series of text messages and Facebook posts. The body of the motion does not explain how these messages would prove defendant's innocence. Further, counsel asserted that she had been unable to contact any of the witnesses or corroborate any of the information. The petition alleged that original counsel might have been able to contact some of the witnesses had he followed leads defendant provided. The petition included an affidavit, dated June 27, 2016, from Kathy Peavy, who stated, in reference to a series of Facebook posts, that she "personally had this conversation online with Brittany Brake-Santoyo and the facts state. they are true and correct to the best of my knowledge and belief." The circuit court dismissed the petition and defendant timely appealed.

¶ 9                                              ANALYSIS

¶ 10 OSAD contends that it can make no good-faith argument that the circuit court erred in dismissing the petition.[1] We agree.

¶ 11 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a)(1); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). However, the Act contemplates the filing of a single petition in any particular case,

---

[1]The record is not entirely clear about the nature of defendant's second pleading. The petition is expressly labeled a petition for postconviction relief and cites section 122-1. However, it does not acknowledge the prior petition or seek leave to file a successive petition. The court's minute order disposing of the petition notes that defendant had filed a previous petition and is presumptively permitted only one. The court also found, however, that the second petition was frivolous and patently without merit and "denied and dismissed" it. We thus consider the court's order as having denied defendant leave to file a successive petition.

3

and a defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2018); *People v. Lusby*, 2020 IL 124046, ¶ 27. The circuit court must grant such leave only if the defendant (1) "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and (2) "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2018). The defendant must satisfy both prongs of this cause-and-prejudice test if he is to obtain leave to file his successive postconviction petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15.

¶ 12 As OSAD notes, defendant's filing is problematic for several reasons, perhaps the most fundamental of which is that he cannot establish cause for failing to raise the issues sooner. Defendant's newly discovered evidence consists of a series of Facebook posts and text messages. The posts are undated, and the petition does not state when these conversations took place. The conversations appear to involve defendant's friends and acquaintances, and there is no explanation why defendant was unaware of this information when he accepted the guilty plea or, at the very least, when he filed his first postconviction petition.

¶ 13 Some of the posts express opinions that defendant was "set up" by other acquaintances who were apparently angry with him for wanting to move to Florida. If this is indeed defendant's claim, he could have raised it earlier. Presumably, defendant would have known he did not possess child pornography when he was taken into custody and gave consent for the police to search his phone. Once child pornography was found on his phone, he would have been expected to claim that he did not put it there. Instead, he entered a guilty plea and agreed with the State's factual basis.

4

¶ 14 Moreover, defendant cannot establish prejudice as to this issue. As noted, the petition does not explain how the various attached conversations would prove defendant's innocence. Except for Peavy's affidavit, which merely states that she had the conversations attributed to her, the petition is not supported by affidavits showing that the witnesses would actually testify as defendant hoped. See 725 ILCS 5/122-2 (West 2016) (the "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached"). Indeed, postconviction counsel asserted that she was unable to contact any of the witnesses or corroborate the information.

¶ 15 Defendant also cannot establish cause as to his ineffective-assistance claims. Taking at face value defendant's claim that defense counsel refused to do anything whatsoever on his behalf, defendant would have been aware of this by the time he pleaded guilty and would have been expected to request new counsel at that time. Certainly, defendant could have raised the issue in a motion to withdraw the plea or in his first postconviction petition.

¶ 16 To the extent the allegations in the second petition merely expand on ineffective-assistance allegations made in the first petition, the ruling on that petition is *res judicata*. See *People v. Flores*, 153 Ill. 2d 264, 281 (1992). We note, as the circuit court did, that neither petition includes affidavits (even defendant's own) to substantiate the allegations that defendant asked counsel to file certain motions or to contact certain witnesses and that counsel refused.

¶ 17 In addition, defendant cannot establish cause as to the allegations regarding the search of his cell phone. As noted, the State's factual basis asserted that defendant consented to the search of his phone. Thus, he was aware at the time of the plea that the State was relying on consent to excuse the warrant requirement. In any event, as OSAD points out, defendant's voluntary guilty

5

plea waived the issue. See *People v. Mueller*, 2013 IL App (5th) 120566, ¶ 12 (voluntary guilty plea waives all nonjurisdictional defenses and defects).

¶ 18    To the extent defendant's second petition purports to raise a claim of actual innocence, it is plainly insufficient. To raise a colorable claim of actual innocence, a petitioner must show that the new evidence: (1) was not available at the original trial and could not have been discovered sooner through due diligence, (2) is material and noncumulative, and (3) is of such conclusive character that it would probably change the result on retrial. *People v. Edwards*, 2012 IL 111711, ¶ 32.

¶ 19    As we have already discussed, the "new evidence" was presumably available to defendant earlier. Moreover, the evidence was not "of such conclusive character" that it would likely have resulted in a finding of innocence. The evidence consists largely of unsupported opinions by friends and acquaintances that defendant would not have committed the offense of which he was accused and was possibly being "set up" by other acquaintances. However, none of those messages purports to explain how the images were placed on defendant's phone without his knowledge. While evidence of a defendant's good character may be admissible under certain circumstances (*People v. Flax*, 147 Ill. App. 3d 943, 951 (1986) (defendant may introduce evidence of his good character to establish that his character traits are inconsistent with the commission of the crime charged but may not introduce evidence of personal opinion)), such evidence, even if admissible, would not conclusively prove that defendant did not commit the crime.

¶ 20    In his response, defendant insists—without evidentiary support—that all of the conversations at issue took place after he filed his first petition and notes that Peavy's affidavit was dated July 28, 2016, after the first petition. As noted, however, the various conversations do

6

not definitively show that someone other than defendant placed the images on his phone without his knowledge. If that were true, defendant would have known it before the guilty plea.

¶ 21    Defendant also insists that he did not consent to the search of his phone and argues that he did not dispute the prosecutor's statement that he consented because his attorney told him not to speak. However, defendant knew that he was able to file a postconviction petition because he did so, and he could have raised the issue there. In any event, the voluntary guilty plea waived any nonjurisdictional defenses. See *Mueller*, 2013 IL App (5th) 120566, ¶ 12.

¶ 22    Finally, defendant argues that his ineffective-assistance allegations merely provide more detail than the first petition. As noted, the Act contemplates the filing of a single petition in each case; a defendant may not file successive petitions adding details and additional arguments to make up for deficiencies in the initial petition. See *Lusby*, 2020 IL 124046, ¶ 27.

¶ 23                                        CONCLUSION

¶ 24    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 25    Motion granted; judgment affirmed.