NOTICE

Decision filed 02/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210405-U

NO. 5-21-0405

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 17-CF-30 |
| | ) | |
| DENNIS M. MOULTON, | ) | Honorable |
| | ) | Christopher M. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the issues raised in the defendant's postconviction petition were procedurally defaulted because defendant failed to file a motion to withdraw his guilty plea within the required 30 days and lacked substantive merit, and postconviction counsel reasonably decided not to include issues from defendant's *pro se* petition, the circuit court did not err in denying relief. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Dennis M. Moulton, appeals the circuit court's order denying his postconviction petition. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that no arguably meritorious argument exists that the court erred in doing so. It has filed a motion to withdraw as counsel together with a supporting memorandum (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Counsel notified defendant of its motion and this court provided him with an opportunity to file a response, but he has not done so. After

1

reviewing the record and considering OSAD's motion and supporting memorandum, we agree that this appeal presents no arguably meritorious issues. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4       Defendant pleaded guilty to predatory criminal sexual assault of a child. In exchange, the State agreed to a sentencing cap of 30 years' imprisonment. The victim was defendant's daughter, K.J.M.

¶ 5       The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). Defendant assured the court that his decision to plead guilty was voluntary, that he had been promised nothing beyond the agreement's stated terms, and that he had not been threatened.

¶ 6       The factual basis was that detectives Travis Monnet and Darin Deters would testify that K.J.M. stated that, from approximately June 1, 2015, until October 23, 2016, defendant engaged in sexual activities with her. The detectives also interviewed defendant, who admitted molesting K.J.M. He knew that she was under the age of 13 when he did so.

¶ 7       The court found the plea voluntary and scheduled a sentencing hearing. There, Monnet testified that K.J.M. was interviewed at the Children's Advocacy Center. She said that defendant began sexual contact with her at age 11, and it escalated for about 1½ years to include oral sex and penetration. Monnet and other officers processed K.J.M.'s bedroom and found evidence of bodily fluids. Later, defendant called Deters and stated that he used to live in the bedroom, which would explain why his bodily fluids were there.

¶ 8       At some point, defendant was hospitalized for depression. Monnet talked to his attending physician, who relayed that defendant said he was depressed after admitting that he had engaged in a sexual relationship with his daughter. Monnet interviewed defendant in the hospital, and he

2

admitted to fondling K.J.M. However, he placed much of the blame on K.J.M. He stated that K.J.M. did not feel like his daughter because he had not had custody of her for much of her life.

¶ 9 The court sentenced defendant to 25 years' imprisonment. Defendant did not move to withdraw his plea. He sought to file a late notice of appeal but ultimately did not. Instead, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant alleged that evidence collected from his home should have been tested for DNA, as it would have proved his innocence; defense counsel was ineffective for failing to seek testing of this evidence; counsel was ineffective for failing to seek suppression of his confession; and his sentence was excessive.

¶ 10 The circuit court appointed counsel who filed an amended petition. Defendant expressed concern that counsel would not raise all of the issues in the *pro se* petition. Counsel asserted that some of the issues were frivolous. Ultimately, defendant agreed that he would adopt counsel's petition and waive any issues not raised therein.

¶ 11 Counsel's amended petition alleged as follows. Defendant's original counsel did not adequately consult with him before the plea and failed to update him on the status of the case. Moreover, defendant was high on marijuana when he confessed. Although he asked counsel multiple times to move to suppress his statement, counsel refused. Defendant asserted that this was important because, had his statement been suppressed, he would likely have received a more favorable plea offer.

¶ 12 At a hearing on the petition, defendant testified that counsel usually met with him before court dates, although he did not do so on one occasion. The day he was arrested, he was high on marijuana. He remembered driving to the hospital and waking up in the suicide watch room in jail. He was high when he gave his statement and told his attorney that it should not be used

3

against him. He mentioned this at least three times. Defendant knew that he was guilty and did not want a trial but felt that suppressing his statements would have allowed him to receive a better plea offer.

¶ 13   Defendant felt that counsel did not communicate with him enough. He was only told about the 30-year cap the day he pleaded guilty. On cross-examination, defendant admitted telling a probation officer that he was "clean and sober," but he meant only with regard to alcohol. Defendant acknowledged that the court explained how to perfect an appeal, including the requirement of a motion to withdraw the plea. However, he did not "process" that information because he was in shock at the sentence he received.

¶ 14   Defendant's original counsel testified that he regularly consulted with defendant prior to the plea. Defendant was focused on getting a plea bargain and resolving the case quickly. Defendant never asked him to seek suppression of his statement. He never mentioned that he was high during his interview with Monnet. Counsel assumed that when defendant said he was sober that this included not using marijuana. Defendant never disputed what he told the police. Counsel thus saw no legal basis to file a suppression motion.

¶ 15   The court denied relief. Defendant timely appealed.

¶ 16                                    ANALYSIS

¶ 17   OSAD concludes that there is no meritorious argument that the circuit court erred by denying defendant's petition. We agree.

¶ 18   Initially, we note that defendant's contentions have been procedurally defaulted. "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to *** withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Here,

4

defendant acknowledged that the circuit court admonished him about the need to file such a motion. His only reason for not doing so was that he did not "process" the information.

¶ 19    Defendant may still have recourse through the Act. The Act provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2018); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). However, a postconviction proceeding is not a substitute for a direct appeal, but rather is a collateral attack on a prior conviction and sentence. *People v. Davis*, 2014 IL 115595, ¶ 13. " 'The purpose of the post-conviction proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously on direct appeal.' " *Id.* (quoting *People v. Towns*, 182 Ill. 2d 491, 502 (1998)). Accordingly, issues that were raised and decided on direct appeal are barred by *res judicata* and issues that could have been raised, but were not, are forfeited. The issues about which defendant complains all arose prior to the guilty plea, so they could—and should—have been raised in a postplea motion.

¶ 20    In any event, we agree with OSAD that these issues lack substantive merit. Defendant contended that his original counsel did not communicate with him sufficiently. However, he acknowledged in his testimony that, with one possible exception, counsel met with him before every court appearance. Prior to defendant's accepting the plea, the court admonished him about the possible sentences, and the terms of the agreement, including the 30-year sentence cap, were explained at the hearing. Defendant has failed to show that any lack of communication rendered the plea involuntary.

¶ 21    Defendant also contended that counsel was ineffective for failing to file a motion to suppress his confession on the ground that defendant was under the influence of marijuana when

5

he gave the statement. Apparently anticipating the objection that his guilty plea waived the issue (see *People v. Mueller*, 2013 IL App (5th) 120566, ¶ 12 (voluntary guilty plea waives all nonjurisdictional defenses and defects)), defendant alleged that he could have received a more favorable plea offer had his statement been suppressed.

¶ 22   Of course, defendant's claim that he would have received a more beneficial plea offer in the absence of his confession is pure speculation. But in any event, the record does not support a conclusion that such a motion would have been successful.

¶ 23   Initially, original counsel denied that defendant ever broached the subject of a suppression motion with him. He testified that defendant's primary concern was a plea deal that would lead to a speedy resolution. Moreover, defendant never mentioned being under the influence of marijuana at any relevant time. Indeed, defendant prided himself on his "sobriety," which counsel reasonably understood to include marijuana as well as alcohol.

¶ 24   Moreover, there is simply no evidence that defendant was impaired to the extent of making his confession involuntary. That a defendant is under the influence of alcohol or drugs at the time of a confession does not automatically render his statements inadmissible. *People v. Foster*, 168 Ill. 2d 465, 476 (1995). A defendant's confession will be considered involuntary only when his will was overborne such that the confession " 'cannot be deemed the product of a rational intellect and a free will.' " *Id.* (quoting *People v. Kincaid*, 87 Ill. 2d 107, 117 (1981)).

¶ 25   Here, neither officer who interviewed defendant thought that he was impaired and, save for a hospital record showing that he was "non-negative" for marijuana, defendant offers no contrary evidence. See *People v. Hicks*, 35 Ill. 2d 390, 395-96 (1966) (both officers who interviewed defendant testified that he appeared normal so that, despite evidence that his blood-alcohol level was .19, trial court's finding that his confession was voluntary was supported by the

evidence). Defendant simply cannot establish that a suppression motion likely would have been granted.

¶ 26 Finally, OSAD concludes that there is no meritorious argument that postconviction counsel was unreasonable in failing to include issues from defendant's *pro se* petition. There is no constitutional right to assistance of counsel during postconviction proceedings, but the Act guarantees a postconviction petitioner a "reasonable" level of assistance. *People v. Cotto*, 2016 IL 119006, ¶ 29. Here, defendant could not establish that postconviction counsel provided unreasonable assistance by failing to incorporate into the amended petition additional allegations from defendant's *pro se* filing.

¶ 27 The principal such contention appears to be that bodily fluids found in K.J.M.'s bedroom should have been tested for DNA. However, he failed to explain how testing this evidence would help to establish his innocence. He admitted that K.J.M.'s room had formerly been his and, thus, his DNA would likely be found there. He has not presented evidence that any other men frequented his daughter's bedroom. Thus, there is no logical way that testing this evidence for DNA would tend to exonerate defendant.

¶ 28 The *pro se* petition also sought reconsideration of defendant's sentence. OSAD correctly argues that this was improper. A defendant who agrees to plead guilty in exchange for a sentencing cap may not challenge a sentence within the cap without successfully moving to withdraw his plea. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). Thus, there is no meritorious argument that postconviction counsel was unreasonable in failing to pursue this issue.

¶ 29                                                  CONCLUSION

¶ 30 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

7

¶ 31    Motion granted; judgment affirmed.