NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250606-U

NO. 4-25-0606

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| JAMARIOL DONTREA FUNCHES, | ) | No. 24CF526 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appellate counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

¶ 2     Defendant, Jamariol Dontrea Funches, pleaded guilty to unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2024)) pursuant to a fully negotiated plea agreement with the State and was sentenced to 18 months in prison. He appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD has filed a motion to withdraw as appellate counsel, citing *Anders v. California*, 386 U.S. 738 (1967), and alleging an appeal would be frivolous. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     In August 2024, the State charged defendant by information with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2024)), alleging he knowingly

possessed less than 15 grams of a substance containing cocaine. A probable cause affidavit filed the same day as defendant's charge stated that in July 2024, a police officer for the City of Pekin observed defendant driving a vehicle. The officer recognized defendant and knew that he did not have a driver's license. The officer initiated a traffic stop and placed defendant under arrest. During a search of defendant's pants pockets, the officer located a substance that field-tested positive for cocaine and weighed approximately seven grams.

¶ 5        While his charge was pending, defendant was on pretrial release and retained private counsel, Jeffrey Hall, to represent him. On November 7, 2024, defendant appeared in court with Hall and was arraigned. At his arraignment, Hall informed the trial court that defendant had agreed to waive his right to a preliminary hearing. Upon inquiry by the court, defendant confirmed his waiver. The same date, the court entered a written order, stating, in part, that defendant "waive[d] the holding of [a] preliminary hearing on the charge."

¶ 6        On March 27, 2025, defendant entered into a fully negotiated plea agreement with the State. At his guilty plea hearing, the State informed the trial court that defendant had agreed to plead guilty to the charged offense, a Class 4 felony for which he was extended-term eligible, in exchange for an 18-month prison sentence. According to the State, defendant also agreed to waive "presentment to a Grand Jury or Preliminary Hearing on the Information." The prosecutor noted that defendant may have previously waived his right to a preliminary hearing but asserted that he did not "see [a waiver] in [his] file." The following colloquy then occurred:

> "MR. HALL: Yeah, Judge. We would adopt [the State's] recitation of what happened. I don't know if we ever did waive that, but we would waive it now and we would waive Presentence Investigation as well, Judge.
>
> THE COURT: Okay. Is that correct, [defendant]?

THE DEFENDANT: That's correct."

¶ 7 Upon inquiry by the trial court, defendant denied being under the influence of any substance that would affect his ability to understand the guilty plea proceeding. He also asserted that he had discussed the matter with his attorney and was satisfied with his attorney's services. Following admonishments by the court, defendant maintained that he understood the charge against him, the penalties he faced, his ability to persist in pleading not guilty, and the rights he was giving up by pleading guilty. He also denied that he had been forced, coerced, or threatened into pleading guilty or that he had been promised anything other than what had been discussed in court.

¶ 8 At the hearing, the State set forth defendant's criminal history, which included several misdemeanor convictions and six prior felony convictions. It also presented the following factual basis:

"If this matter proceeded to trial, the evidence would show on July 23rd of 2024[,] Pekin Police Officer Guerra *** arrested *** defendant. The defendant was searched. Inside his pants pocket the officer located a substance that was tested, confirmed to be a substance containing cocaine with a weight of 5.2 grams."

The record shows Hall agreed that the State's evidence was consistent with the discovery in the case and further stated as follows: "We also did a subpoena for the [Law Enforcement Agencies Data System] background check to confirm that the officer did run [defendant's] name before he pulled him over, it did show up that he did before the pull-over so it is consistent with our review of everything."

¶ 9 The trial court accepted the State's factual basis. It also found that defendant's plea was knowingly and voluntarily made, accepted his guilty plea, and imposed the agreed-upon

- 3 -

sentence.

¶ 10        Following his plea, defendant retained new counsel and, on April 28, 2025, filed a motion to withdraw his guilty plea. He argued (1) the trial court failed to clearly obtain his consent to waive his right to have a grand jury review his charges, (2) both Hall and the State "failed to put on the record the reason for [his traffic] stop and arrest," and (3) he "wishe[d] to proceed on a motion to suppress" based upon the belief that the arresting officer "was ignorant of the driver's identity." As to defendant's latter claim, he asserted that prior to his guilty plea, he and Hall argued about whether there had been probable cause for the stop of his vehicle. He alleged that Hall "ordered [him] to not raise the issue before the judge, otherwise the Court would not accept the guilty plea."

¶ 11        The same day, defendant's new counsel, Gary Morris, filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). He asserted that he had consulted with defendant by phone to ascertain his contentions in withdrawing his guilty plea, examined the trial court file and report of proceedings of his guilty plea hearing, and "made changes to the motion necessary for the adequate presentation of any defects in those proceedings." Morris later filed a second Rule 604(d) certificate, stating he had (1) consulted with defendant in person, by mail, by phone, or by electronic means to ascertain his contentions of error in the entry of his guilty plea and sentence, (2) examined the trial court file and report of proceedings of the guilty plea and sentencing hearings, and (3) made amendments "necessary for the adequate presentation of any defects in those proceedings."

¶ 12        In June 2025, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea. Defendant testified that he appeared in court on March 27, 2025, "to plead guilty." However, he maintained that the issue of "the waiver of the Grand Jury" was never addressed with

him until the day of his guilty plea hearing and that he never previously "heard anything about that." According to defendant, when the issue was brought up at his plea hearing, it was not his desire to waive a grand jury review of his case, nor did he understand what such a waiver would mean.

¶ 13        Defendant further testified that before he pleaded guilty, he had discussions with Hall about the police not having probable cause to stop his vehicle. Defendant asserted that a police body camera recording showed an officer saying he pulled defendant over "because he was curious to know who was driving [defendant's] vehicle." He stated that when he asked Hall to raise the issue in court, Hall told him that "none of that matters anymore to the State's Attorney" and the only thing that mattered was "what [defendant] got caught with." Defendant testified that he did not say anything about that issue in court because Hall told him that if he tried to raise the issue, the State would take "the sentence off the table and try to go for the maximum sentence" and the trial judge "would've accepted that *** heavier sentence."

¶ 14        On cross-examination, defendant acknowledged that on the date of his plea hearing, he intended to plead guilty and go to prison. He also agreed that Hall had informed him that if he raised the issues he had with the trial court, the State might revoke its plea offer and seek a greater sentence. He testified that he decided to try to avoid a greater sentence "and accept the offer that was on the table." Although defendant acknowledged having previously been sentenced for felony offenses at least six times, he asserted he "never paid attention" to what a grand jury did and stated as follows: "Only thing I was doing was trying to—once I get a good deal on the table, I take it and I go with it." He agreed that he tried to do the same thing when he pleaded guilty in the underlying case.

¶ 15        In presenting its case, the State asked the trial court to take judicial notice of its

November 7, 2024, order showing that defendant waived his right to a preliminary hearing. It offered no further evidence. Following argument by the parties, the court denied defendant's motion to withdraw his guilty plea.

¶ 16 This appeal followed.

¶ 17 As stated, OSAD was appointed to represent defendant on appeal. On September 8, 2025, it filed a motion to withdraw as appellate counsel and attached a memorandum of law in support, identifying issues that might arguably support an appeal but concluding they lacked merit. Proof of service of the motion on defendant has been shown. Additionally, this court granted defendant leave to file a response to OSAD's motion, and he has responded. After examining the record and executing our duties in accordance with *Anders*, we grant OSAD's motion and affirm the trial court's judgment.

¶ 18 II. ANALYSIS

¶ 19 On appeal, OSAD identifies as a potential issue for review the propriety of the trial court's denial of defendant's motion to withdraw his guilty plea. It concludes, however, that no procedural errors occurred during defendant's guilty plea proceedings and that the bases for withdrawal alleged in defendant's postplea motion lack merit.

¶ 20 In his response to OSAD's motion, defendant claims that he raised meritorious issues below. He also raises claims of prosecutorial and judicial misconduct during his guilty plea proceedings, asserting (1) "bodycam video evidence" was withheld from him until shortly before his guilty plea hearing, (2) the prosecutor left him "no choice but to plead guilty" by threatening through Hall that he would be found guilty and receive the maximum sentence if he did not plead guilty, and (3) the trial court failed to ask him if he "still wanted to plead guilty" after admonishing him regarding his right to appeal.

¶ 21        "A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.' " *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A defendant does not have an automatic right to withdraw his guilty plea and, instead, must show a manifest injustice under the facts involved. *People v. Burge*, 2021 IL 125642, ¶ 37. "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32.

¶ 22        "[T]he decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion." *Id.* "An abuse of discretion will only be found where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *Burge*, 2021 IL 125642, ¶ 37.

¶ 23                              A. Procedural Error

¶ 24        As noted, OSAD initially asserts that no procedural errors occurred during the underlying guilty plea proceedings. We agree.

¶ 25        First, as OSAD correctly points out, defendant's motion to withdraw his guilty plea was timely filed. On March 27, 2025, defendant pleaded guilty and was sentenced. To challenge his plea, he was required to file a motion to withdraw his guilty plea within 30 days of his sentencing. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). Because day 30 fell on a weekend, defendant's filing deadline extended to Monday, April 28, 2025. See 5 ILCS 70/1.11 (West 2024) (providing that if the end of a filing deadline falls on a weekend or holiday, those days are excluded from

computing the deadline). Defendant timely filed his motion on that date.

¶ 26 Second, defendant received the proper admonishments at his guilty plea hearing. Specifically, the record shows that, consistent with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), the trial court informed defendant, and determined his understanding of, the nature of his charge, the minimum and maximum penalties he faced, his right to plead not guilty, and the rights he was giving up by pleading guilty.

¶ 27 Third, defendant's postplea counsel filed a certificate that complied with the requirements of Rule 604(d). In particular, the record shows that as required by Rule 604(d), counsel stated in his certificate that he had consulted with defendant to ascertain his contentions of error in his guilty plea and sentence, examined the trial court file and report of proceedings of the guilty plea and sentencing hearings, and made amendments to defendant's postplea motion that were necessary to adequately present his claims.

¶ 28 B. Defendant's Grounds for Withdrawal

¶ 29 OSAD next asserts that defendant raised no viable claim for the withdrawal of his guilty plea in his postplea motion. Again, we agree.

¶ 30 1. *Waiver of Preliminary Hearing or Indictment*

¶ 31 Below, defendant initially sought to withdraw his guilty plea on the basis that his right to have his case reviewed by a grand jury was waived without his consent. He asserted he was unaware of his right to a grand jury indictment and the trial court did not clearly obtain his consent to waive that right.

¶ 32 "All prosecutions of felonies shall be by information or by indictment," and "[n]o prosecution may be pursued by information unless a preliminary hearing has been held or waived." 725 ILCS 5/111-2(a) (West 2024). Additionally, section 109-3.1(b) of the Code of Criminal

Procedure of 1963 (725 ILCS 5/109-3.1(b) (West 2024)) provides, in part, that "[e]very person released pretrial for the alleged commission of a felony shall receive *either* a preliminary examination \*\*\* *or* an indictment by Grand Jury \*\*\* within 60 days from the date he or she was arrested," excluding periods of delay occasioned by the defendant. (Emphases added.) The purpose of section 109-3.1(b) "is to ensure that a defendant will not be held in custody or to bail, that is, that his freedom will not be restricted, without a prompt showing of evidence that a crime has been committed." *People v. Clarke*, 231 Ill. App. 3d 504, 508 (1992).

¶ 33         Here, as OSAD points out, the record shows that defendant twice waived his right to either a preliminary hearing or indictment by a grand jury. First, at his arraignment, defendant asserted he was waiving his right to a preliminary hearing. Then, at his guilty plea hearing, he waived his right to a grand jury indictment. Both times, defendant's counsel represented to the trial court that defendant was waiving his right and, upon inquiry by the court, defendant personally confirmed his waiver. Although in connection with his motion to withdraw his guilty plea defendant suggested that he did not understand what it meant to waive grand jury proceedings, the record reflects he voiced no concern or lack of understanding with the court when it addressed the issue and he confirmed his waiver. Further, as the court noted when denying defendant's motion to withdraw his guilty plea, he was not "an unsophisticated person in court" and, in fact, had six prior felony convictions.

¶ 34         Moreover, "[a] guilty plea waives all nonjurisdictional defenses or defects." *People v. Horton*, 143 Ill. 2d 11, 22 (1991). This includes the failure to hold a preliminary hearing (*People v. Jones*, 74 Ill. App. 3d 243, 246 (1979)) or irregularities in the waiver of indictment (*People v. Bassett*, 25 Ill. App. 3d 927, 932 (1975)).

¶ 35         Accordingly, defendant has no viable claim for withdrawal of his guilty plea based

upon the claim that he did not consent to the waiver of his right to a preliminary hearing or grand jury indictment.

¶ 36                                           2. *The State's Factual Basis*

¶ 37          As a second ground for the withdrawal of his guilty plea, defendant asserted that the State's factual basis for his guilty plea was insufficient. Specifically, he complained that neither the State nor his defense counsel "put on the record the reason for [his] stop and arrest."

¶ 38          Illinois Supreme Court Rule 402(c) (eff. July 1, 2012) states that the trial court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

> " '[T]he quantum of proof necessary to establish a factual basis for the plea is less than that necessary to sustain a conviction after a full trial. [Citations.] All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. [Citations.] In evaluating the sufficiency of the factual basis to support a plea of guilty, a trial judge is in much the same position and would apply similar standards as those used in determining the sufficiency of the State's evidence at trial to withstand a motion for a directed verdict of not guilty.' " *People v. Jamison*, 197 Ill. 2d 135, 160 (2001) (quoting *People v. Barker*, 83 Ill. 2d 319, 327-28 (1980)).

¶ 39          In this case, defendant pleaded guilty to knowingly possessing less than 15 grams of a substance containing cocaine. 720 ILCS 570/402(c) (West 2024). The State's factual basis showed defendant was arrested and searched. Inside his pants pocket, a police officer found a substance that, upon testing, was confirmed to be cocaine and weighed 5.2 grams. This factual

basis was sufficient to support each element of the charged offense. The underlying reason for the stop of defendant's vehicle was not an element that the State had to prove to establish defendant's guilt, and the State was not required to include such information in its factual basis for defendant's guilty plea.

¶ 40        Further, as OSAD points out, courts have held that Rule 402(c) is satisfied if a basis exists "anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997); see *People v. Melvin*, 2023 IL App (4th) 220405, ¶ 31 (same). Here, even assuming the State's factual basis needed to include the reason for defendant's underlying traffic stop, the record contains an affidavit of probable cause that shows that reason. The affidavit was filed the same day as the charging instrument and shows the traffic stop was initiated after a police officer observed defendant driving, recognized defendant, and knew that defendant did not have a driver's license. Further, the record shows that after the State presented its factual basis at defendant's guilty plea hearing, Hall informed the court that he had "confirm[ed] that the officer did run [defendant's] name before he pulled him over." Thus, defendant cannot set forth a meritorious claim that the factual basis for his plea was insufficient.

¶ 41                                3. *Motion to Suppress*

¶ 42        As his final ground for withdrawal, defendant asserted below that he "wished to proceed on a motion to suppress the evidence" based on his belief that the police officer who executed his traffic stop "was ignorant of the driver's identity." He maintained that he argued with Hall prior to his plea regarding whether there had been probable cause for the traffic stop. According to defendant, Hall "ordered" him not to raise the issue with the trial court because the

court would not accept his guilty plea.

¶ 43 Initially, OSAD argues that because defendant pleaded guilty, he waived his claim that the underlying traffic stop was unconstitutional. We agree. As noted, "[a] guilty plea waives all nonjurisdictional defenses or defects." *Horton*, 143 Ill. 2d at 22. Such includes "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *People v. Mueller*, 2013 IL App (5th) 120566, ¶ 19. Accordingly, because he elected to plead guilty, defendant cannot now raise a stand-alone claim challenging his traffic stop based upon a lack of probable cause. To the extent defendant's claim is based on an allegation that Hall was ineffective in failing to file a motion to suppress challenging the underlying traffic stop, the same rationale applies. See *People v. Ivy*, 313 Ill. App. 3d 1011, 1017 (2000) (finding the defendant's claims of ineffective assistance based on his counsel's failure to move to suppress evidence before the entry of his guilty plea were waived by the defendant's guilty plea).

¶ 44 OSAD also argues that defendant can raise no viable claim that Hall was ineffective for failing to file a motion to suppress challenging the underlying traffic stop. It contends the filing of such a motion would have been futile and defendant cannot establish that he suffered any prejudice. Once again, we agree.

¶ 45 Ineffective-assistance-of-counsel claims are evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Webb*, 2023 IL 128957, ¶ 21. Under that standard, a defendant must show (1) deficient performance by counsel, *i.e.*, "that his attorney's representation fell below an objective standard of reasonableness" and (2) prejudice, *i.e.*, "that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *Id.* "A defendant's failure to satisfy either prong of the *Strickland* standard precludes a finding of ineffective assistance of

counsel." *Id.* Additionally, "[t]o establish prejudice when an ineffective assistance claim is based on trial counsel's failure to file a suppression motion, a defendant must demonstrate that the unargued suppression motion was meritorious and that a reasonable probability exists that the trial outcome would have been different had the evidence been suppressed." *Id.* ¶ 23.

¶ 46 Here, the record does not support a finding that defendant had a meritorious claim for suppression due to a lack of probable cause for his traffic stop. Vehicle stops are subject to the fourth amendment's (U.S. Const., amend. IV) reasonableness requirement and, generally, a stop is reasonable where there is probable cause to believe a traffic violation has occurred. *People v. Hackett*, 2012 IL 111781, ¶ 20. In this case, the record contains a probable cause statement that states defendant's traffic stop was initiated after a police officer observed defendant driving, recognized defendant, and knew defendant did not have a valid driver's license. At defendant's guilty plea hearing, Hall stated he had "confirm[ed] that the officer did run [defendant's] name before he pulled him over." Also, the record reflects that defendant's criminal history included a 2023 felony conviction for "driving while license revoked." Because defendant cannot show a meritorious claim for suppression, he cannot establish Hall's ineffectiveness.

¶ 47 C. Defendant's Additional Claims of Error

¶ 48 As noted, defendant responded to OSAD's motion to withdraw and, in his response, raised allegations of prosecutorial and judicial "misconduct" in connection with his guilty plea proceedings. Notably, however, under Rule 604(d), "[a]ny issue not raised in a postplea motion is 'waived' on appeal." *People v. Ratliff*, 2024 IL 129356, ¶ 26. Because defendant's claims were not raised in his postplea motion, he has waived them for purposes of review. Further, even absent waiver, we note that defendant's *pro se* claims concern factual matters that are not apparent on the face of the record and are not sufficiently supported by reasoned argument or relevant legal

authority. See *People v. Hui*, 2022 IL App (2d) 190846, ¶ 52 (A reviewing court "is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; any arguments inadequately presented are forfeited.").

¶ 49                                  III. CONCLUSION

¶ 50         For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 51         Affirmed.