2024 IL App (1st) 230472-U

No. 1-23-0472

Order filed September 6, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CR 11640 |
| | ) | |
| KIENAN SLAUGHTER, | ) | Honorable |
| | ) | John F. Lyke Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction for first degree murder is affirmed where he did not receive ineffective assistance of trial counsel.

¶ 2    Following a bench trial, defendant Kienan Slaughter was convicted of first-degree murder.

The issue on appeal is whether trial counsel was ineffective when he did not argue that Slaughter's

knowledge that the victim regularly carried a firearm was relevant to show Slaughter's state of

mind when he shot the victim, thus supporting a theory of self-defense or second-degree murder. We conclude that counsel was not ineffective and affirm.

¶ 3      Slaughter was charged with first degree murder for shooting and killing the victim, Derrick Orange. See 720 ILCS 5/9-1(a)(1), (2) (West 2018). The circuit court found that, on the night of the shooting, Slaughter, his wife, Orange, and several others were playing cards for money in Slaughter's home. There was some "trash talk" between the players, but it was routine and showed no signs of animosity. After the last hand, Orange declared that he had won, pocketed the money from the table, and indicated that he was leaving. Slaughter became angry and demanded that Orange give back the money that he had taken. After the two men argued for a few moments, Orange asked Slaughter if he wanted to "[f]ight about it." Slaughter retreated to his bedroom, and Orange stood outside the room with the left side of his body facing the open doorway. Slaughter then shot Orange and fled.

¶ 4      Slaughter's testimony at trial varied slightly from this story. Slaughter testified that Orange pushed one of the guests out of the way and "semi-charg[ed]" into Slaughter's bedroom. Orange had purportedly shown Slaughter a gun earlier in the evening, so believing Orange had a gun and that he and his family were in danger, Slaughter shot Orange. However, the court rejected Slaughter's testimony, finding it not credible.

¶ 5      Prior to trial, Slaughter filed a motion to introduce evidence of Orange's "aggressive and violent character" in support of a possible self-defense argument. See *People v. Lynch*, 104 Ill. 2d 194, 200 (1984). Slaughter sought to introduce as evidence Orange's 2010 conviction for aggravated unlawful use of a weapon and 2018 conviction for aggravated assault of a peace officer. He also sought to introduce testimony that he saw Orange (1) "consistently" armed with handguns;

(2) "fire handguns on numerous occasions"; (3) fire a handgun into a group of people "outside of a YMCA" between 2007 and 2008, and "outside of Mr. Ricky's, a bar," between 2009 and 2010; and (4) beat a person called "Head" with his fists and a garbage can. Ultimately, the circuit court admitted the 2018 conviction and allowed Slaughter to testify to the shootings at the YMCA and Mr. Ricky's and to the battery of "Head." The court excluded the 2010 conviction and any reference to Orange's habitual possession of firearms. Slaughter was convicted of first-degree murder and sentenced to 75 years' imprisonment. This timely appeal followed. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); Ill. S. Ct. R. 606 (eff. Mar. 12, 2021).

¶ 6      On appeal, Slaughter contends that trial counsel was ineffective for failing to argue that Slaughter's knowledge that Orange regularly carried a firearm was admissible to show Slaughter's state-of-mind at the time of the shooting. Ineffective assistance of counsel claims involve a two-part test in which a defendant must show that (1) counsel's performance was objectively unreasonable under prevailing professional norms, and (2) the defendant was prejudiced thereby. *People v. Torres*, 2024 IL 129289, ¶¶ 26-27. Prejudice occurs where there is a reasonable probability that the proceedings would have had a different outcome had counsel not been deficient; a reasonable probability is one sufficient to undermine confidence in the outcome. *People v. Veach*, 2017 IL 120649, ¶ 30. If there was no prejudice, we may deny an ineffectiveness claim without addressing whether counsel was deficient. See *People v. Johnson*, 2020 IL App (1st) 172987, ¶ 42. We review an ineffective assistance of counsel claim *de novo*. *People v. Webb*, 2023 IL 128957, ¶ 23.

¶ 7      Slaughter argues that he could have established self-defense or at least lessened his conviction to second-degree murder if his attorney had argued that Slaughter's knowledge of

Orange's frequent possession of firearms revealed Slaughter's state-of-mind just before the shooting. To establish self-defense, a defendant must present evidence that (1) force was threatened against him; (2) he was not the aggressor; (3) the danger of harm was imminent; (4) the threatened force was unlawful; (5) he "actually believed that a danger existed, that the use of force was necessary to avert the danger, and that the kind and amount of force actually used was necessary;" and (6) his beliefs were reasonable. *People v. Morgan*, 187 Ill. 2d 500, 533 (1999). A conviction of second-degree murder may be proper if the first five elements are met but the defendant's belief in the need for self-defense was unreasonable. *People v. Mujkovic*, 2022 IL App (1st) 200717, ¶ 26.

¶ 8    Here, Slaughter was not prejudiced by his attorney's failure to argue that the testimony was admissible to show his state-of-mind because Slaughter failed to establish the other elements of self-defense. The circuit court found that "all the State's witnesses were credible" and that "defendant's testimony was incredible." The court also indicated that it took Slaughter's evidence of Orange's "aggressive nature" into account and "gave it the appropriate weight which was zero. It was vague, it was not corroborated. It was self-serving." The court summarily rejected Slaughter's version of events, which was the only evidence offered to establish that force was threatened against him, that the threatened force was unlawful, that he was the aggressor, and that danger of harm was imminent. Slaughter's state of mind is only relevant to establish whether he believed that he was in danger. See *People v. Hamilton*, 2019 IL App (1st) 170019, ¶ 35 ("The testimony, therefore, is relevant to his claim of self-defense -- whether or not his belief of imminent harm was reasonable."); *People v. Sims*, 265 Ill. App. 3d 352, 355 (1994) ("A defendant's reasonable belief that [deadly] force was necessary is an essential element of his self-defense

claim, and thus, a defendant's state of mind at the time of the occurrence is relevant and material." (Internal citations omitted.)). Establishing one or two elements of self-defense would not have changed the outcome in this case when Slaughter failed to establish the other four or five. Accordingly, because Slaughter cannot establish prejudice, he cannot demonstrate that his trial counsel was ineffective.

¶ 9    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 10    Affirmed.