NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230860-U

NO. 4-23-0860

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ANTOINE MACK, | ) | No. 23CF14 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding the trial court did not err in denying defendant's motion to suppress evidence.

¶ 2    Following a jury trial, defendant, Antoine Mack, was found guilty of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2022)) and sentenced to 18 years' imprisonment. On appeal, defendant argues the trial court erred in denying his pretrial motion to suppress evidence because the officers lacked sufficient probable cause to perform a warrantless search of his vehicle. For the following reasons, we affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4    In January 2023, defendant was charged with unlawful possession with intent to deliver methamphetamine (count I) (*id.* § 55(a)(1)) and unlawful possession of methamphetamine

(count II) (*id.* § 60(a)).

¶ 5       Because defendant's sole argument on appeal involves the trial court's denial of his motion to suppress evidence, we include only those details surrounding the search of defendant's vehicle and defendant's subsequent arrest from the motion to suppress hearing and defendant's trial.

¶ 6                              A. Motion to Suppress Hearing

¶ 7       On April 5, 2023, defendant filed a motion to suppress evidence, alleging his fourth amendment rights (see U.S. Const., amend. IV) were violated when officers performed a warrantless search of his vehicle without the requisite probable cause to justify their search.

¶ 8       The trial court held a hearing on defendant's motion on April 12, 2023. At the hearing, neither party presented any witnesses; instead, defendant admitted (1) Officer Brian Moore's police report from the night of defendant's arrest and (2) the Illinois compiled statute on possession of cannabis in a motor vehicle (625 ILCS 5/11-502.15 (West 2022)). The State did not present any evidence. However, the parties stipulated "there was no driving involved" in the circumstances surrounding the officers' search of defendant's vehicle.

¶ 9       According to Officer Moore's report, on January 3, 2023, he and Officer Matheson Wood observed defendant's vehicle parked in the loading area of a designated disability parking space in front of a gas station. Moore did not observe a disability parking placard hanging from the vehicle's rearview mirror or a disability license plate. Accordingly, Moore and Wood approached defendant's vehicle. Moore observed defendant in the driver's seat, "holding a small cigar, split length wise, with a green leafy plant like material inside." Defendant immediately stated, " '[T]hat's some weed sir.' " As Moore spoke with defendant, Wood talked with the passenger, Joseph Sharp. The officers obtained identification from both individuals, and Moore

- 2 -

performed a warrant check; neither individual had any active warrants. After completing the warrant check, Moore returned to the driver's side of defendant's vehicle and told both individuals to exit the vehicle so the officers could search it. Moore's report indicated the search was being conducted "due to the illegal cannabis being open inside the cabin of the car." In the front center console, Moore located a pill bottle containing pills which field-tested positive for methamphetamine. Additional contraband, including cannabis, a scale, handguns, ammunition, cocaine, and plastic bags, was located inside a backpack on the passenger-side floorboard, along with identification belonging to Sharp.

¶ 10        Following the admission of the exhibits and the parties' stipulation, the trial court heard counsels' arguments. Defendant argued the officers lacked probable cause to search his vehicle because it was parked on private property and, pursuant to the statute regulating possession of cannabis in a motor vehicle (*id.*), cannabis is only contraband when possessed in "a[ ] motor vehicle upon a highway." After questioning by the court, defendant conceded Moore observed him holding a cigar with cannabis, along with some "shake," in plain view immediately upon approaching his vehicle. Defendant defined "shake" as "some little molecules [of cannabis], *** for lack of a better term, that may have fallen out of the actual cigar where [he] was actually rolling." Nonetheless, defendant contended Moore's observation was still insufficient to justify the search because defendant was parked on private property when he possessed the cannabis.

¶ 11        The State asserted, "[S]imply because cannabis has become more tolerable, doesn't mean that in all cases it's legal. And there are illegal ways to transport it. There are illegal ways to consume it. And there are illegal amounts to posses [*sic*]." Relying on the holding of *People v. Stout*, 106 Ill. 2d 77 (1985), the State argued if an officer has probable cause to search a vehicle based on the odor of cannabis, Moore's observation of cannabis was sufficient to establish probable

cause to search defendant's vehicle. Moreover, the fact defendant was holding a split cigar containing cannabis, along with loose cannabis on his lap, could lead an officer to believe there was additional cannabis, exceeding the statutorily allowed limit, in defendant's vehicle.

¶ 12        In rebuttal, defendant maintained there was no probable cause because his vehicle was parked on private property and there was no driving involved. Furthermore, according to defendant, an officer's hunch there may be more cannabis inside a vehicle is insufficient to justify a warrantless search; instead, the officer must have probable cause to believe there is additional cannabis. However, after questioning from the trial court, defendant conceded it was a logical conclusion that defendant "just made that blunt" based on Moore's observation of defendant with the cigar, along with loose cannabis in his lap.

¶ 13        After arguments, the trial court denied defendant's motion to suppress, finding the officers had sufficient probable cause to justify the warrantless search of defendant's vehicle. The court stated, "It's the making of the cigar in the car by the defendant that makes me agree with State that there's at least probable cause to think that there's more marijuana/cannabis in the car leading me to deny the Defendant's motion to suppress."

¶ 14                                B. Jury Trial

¶ 15        Defendant's jury trial occurred over two days in June 2023. Before jury selection began, the State dismissed count I and proceeded to trial on count II.

¶ 16                        1. *Testimony of Officer Moore*

¶ 17        On January 3, 2023, Officer Moore observed defendant's vehicle parked in the loading area of a designated disability parking space in front of a gas station. Because Moore did not observe a disability parking placard hanging from the vehicle's rearview mirror or a disability license plate, he and his partner, Officer Wood, approached defendant's vehicle. Moore testified

his body-worn camera was fully functional and recorded the events from that night. The State admitted the footage from Moore's body-worn camera without objection and played it for the jury.

¶ 18 In the footage, Moore arrives at the gas station, exits his vehicle, and approaches the driver's side of defendant's vehicle. Moore asks defendant to roll down the window and defendant complies. Before Moore says anything further, defendant holds up a cigar and says, "[T]hat's some weed sir." Moore then informs defendant he is parked in the loading zone of a handicapped spot and Moore needs defendant's identification. Defendant provides Moore his driver's license and Officer Wood, who was speaking with the passenger, hands Moore the passenger's identification. Moore returns to his vehicle and performs warrant checks on defendant and the passenger, Sharp. After completing the checks, Moore returns to the driver's side door and asks defendant to step out of the vehicle. Before defendant does so, Moore says, "[Y]ou've got weed all over your lap." Defendant and Sharp both exit the vehicle and officers pat them down. Moore searches the vehicle and locates a pill bottle containing suspected "molly".

¶ 19 On cross-examination, Moore acknowledged the windows of defendant's vehicle were heavily tinted and therefore Moore could not see inside the vehicle until after defendant rolled his window down. However, after defendant rolled the window down, Moore could see defendant holding the cigar with cannabis.

¶ 20 2. *Testimony of Officer Wood*

¶ 21 On January 3, 2023, Officers Wood and Moore were on patrol and observed a vehicle parked in the loading area of a designated disability parking space in front of a gas station. Wood approached the passenger's side of the vehicle but could not see inside due to the heavy window tint. The passenger, Sharp, rolled down the window and provided Wood with his identification. After defendant's vehicle was searched, Wood drove it to the police station and

inventoried the items inside.

¶ 22     On cross-examination, Wood stated he observed a black backpack at Sharp's feet after Sharp rolled the passenger-side window down. During the search of the vehicle, officers located handguns, a digital scale, plastic bags, and "identification information for [Sharp]" inside the black backpack.

¶ 23                              3. *Stipulation and Verdict*

¶ 24     Following Wood's testimony, the parties introduced a stipulation in lieu of testimony from Elizabeth Rast. The stipulation stated if she were called to testify, she would testify she worked as a forensic scientist for the Illinois State Police at the Morton Forensic Science Laboratory and as part of her employment, she tested certain tablets from inside the pill bottle found in defendant's vehicle. The tablets all tested positive for methamphetamine.

¶ 25     The State then rested, and defendant did not present any evidence. After closing arguments and deliberations, the jury found defendant guilty of unlawful possession of methamphetamine.

¶ 26                         C. Posttrial Motions and Sentencing

¶ 27     Defendant filed a motion for a new trial, alleging, *inter alia*, "the Court heard and denied in error Defendant's Motion to Suppress Evidence." The trial court held a hearing on defendant's motion on August 23, 2023. At the hearing, defense counsel stood on the motion, without presenting any evidence or providing further argument. The court denied defendant's motion and proceeded immediately to sentencing.

¶ 28     At sentencing, the State highlighted defendant's criminal history, which included 12 felony convictions and multiple sentences to the Illinois Department of Corrections. The State argued defendant had poor potential for rehabilitation and requested the trial court sentence him to

an extended term sentence. Defense counsel focused on defendant's drug addiction and difficult childhood and requested a nonextended term sentence to provide defendant with an opportunity for rehabilitation. Defendant gave a lengthy statement in allocution, in which he maintained his innocence. After hearing arguments from both parties and defendant's statement in allocution, the court sentenced defendant to 18 years' imprisonment. Defendant timely filed a notice of appeal.

¶ 29     This appeal follows.

¶ 30                               II. ANALYSIS

¶ 31                            A. Standard of Review

¶ 32     This court employs a two-part standard when reviewing a trial court's decision on a motion to suppress evidence. *People v. Bass*, 2021 IL 125434, ¶ 21. "[T]he trial court's findings of historical fact are reviewed for clear error and may be rejected only if they are against the manifest weight of the evidence, but the trial court's ultimate ruling as to whether suppression is warranted is reviewed *de novo*." *Id.* Additionally, " '[when] reviewing a pretrial suppression ruling, [the reviewing] court may rely on evidence introduced at the ensuing trial.' " *People v. Aljohani*, 2022 IL 127037, ¶ 28 (quoting *People v. Kidd*, 175 Ill. 2d 1, 25 (1996)).

¶ 33                            B. Motions to Suppress

¶ 34     On a motion to suppress, the defendant bears the burden of proof and "must make a *prima facie* case that the evidence was obtained by an illegal search or seizure." *People v. Brooks*, 2017 IL 121413, ¶ 22. "A *prima facie* showing means the defendant has the primary responsibility for establishing the legal and factual bases for the motion to suppress." *People v. Fields*, 2024 IL App (4th) 210194-B, ¶ 32. "Where the basis for the motion is an allegedly illegal search, the defendant must establish both that there was a search and that it was illegal." *Brooks*, 2017 IL 121413, ¶ 22. If the defendant is able to establish a *prima facie* case, the State then bears the burden

of disproving the defendant's case. *People v. Gipson*, 203 Ill. 2d 298, 307 (2003). "However, the ultimate burden of proof remains with the defendant." *Id.*

¶ 35                                    C. Vehicle Searches

¶ 36        Under the fourth amendment to the United States Constitution, "[t]he right of the people to be secure in their persons, houses, papers, and effects, *against unreasonable searches and seizures*, shall not be violated." (Emphasis added.) U.S. Const., amend. IV. "Warrantless searches are *per se* unreasonable under the fourth amendment, subject to a few specific exceptions." *People v. Cregan*, 2014 IL 113600, ¶ 25. One such exception is the "automobile exception" established in *Carroll v. United States*, 267 U.S. 132 (1925). Under the automobile exception, "a warrantless search of an automobile is not *per se* unreasonable." *People v. Hill*, 2020 IL 124595, ¶¶ 20-21. However, an officer must have probable cause to justify any search conducted pursuant to the automobile exception. *Id.* ¶¶ 21-22.

¶ 37        Probable cause to conduct a warrantless search of an automobile requires "a showing that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that the automobile contains contraband or evidence of criminal activity." *People v. Webb*, 2023 IL 128957, ¶ 25. In determining whether probable cause exists, "an officer may rely on his law-enforcement training and experience to make inferences that might evade an untrained civilian." *Id.* Moreover, "[p]robable cause requires only that the facts available to the officer—including the plausibility of an innocent explanation— would warrant a reasonable man to believe there is a reasonable probability that certain items may be contraband or stolen property or useful as evidence of a crime." (Internal quotation marks omitted.) *Id.*

¶ 38        D. Changes in Cannabis Legislation as It Relates to Probable Cause

- 8 -

¶ 39    Before the legalization of small, recreational amounts of cannabis, our supreme court held "the odor of cannabis emanating from a defendant's vehicle" by a trained officer is sufficient to establish probable cause for a warrantless vehicle search. *Stout*, 106 Ill. 2d at 88. Following the legalization of cannabis for medical purposes and the decriminalization of small amounts of cannabis, our supreme court was asked to overrule its decision in *Stout*, based on the premise small amounts of cannabis were no longer considered contraband. *Hill*, 2020 IL 124595, ¶ 26. The supreme court rejected this argument and held "the decriminalization of possessing small amounts of cannabis did not alter the status of cannabis as contraband." *Id.* ¶ 31. Even after the legalization of cannabis for recreational use, this court has continued to hold *Stout* is good law. See *People v. Mallery*, 2023 IL App (4th) 220528, ¶ 38; *People v. Molina*, 2022 IL App (4th) 220152, ¶ 52; *People v. Hall*, 2023 IL App (4th) 220209, ¶ 27. In *Molina*, this court specifically stated:

> "Regardless of recent changes in the law legalizing possession of small amounts of cannabis, there are still, among other things, (1) illegal ways to transport it, (2) illegal places to consume it, and (3) illegal amounts of it to possess. We note that the supreme court in *Stout* did not limit its holding in any way that would suggest the smell of cannabis constituted probable cause only because cannabis was generally illegal." *Molina*, 2022 IL App (4th) 220152, ¶ 43.

Based on this rationale, we held the odor of cannabis detected by a law enforcement officer was still sufficient to establish probable cause to perform a warrantless vehicle search. *Id.* ¶ 44.

¶ 40                          E. This Case

¶ 41    To prevail on his motion to suppress, defendant needed to establish: (1) there was a search of his vehicle and (2) the search violated his fourth amendment rights. Defendant proved,

and the State did not contest, officers searched his vehicle on the night of his arrest. The sole contention at the motion to suppress hearing was whether the search of defendant's vehicle violated his fourth amendment rights. Defendant argues, based on the recent changes to cannabis legislation, Officer Wood's observation of him holding a cannabis cigar, along with some "shake," did not establish probable cause for the warrantless search of his vehicle. In support of this argument, defendant cites section 11-502.15 of the Illinois Vehicle Code (625 ILCS 5/11-502.15 (West 2022)), which regulates the transportation of cannabis inside a motor vehicle:

> "(a) No driver may use cannabis within the passenger area of any motor vehicle upon a highway in this State.

> (b) No driver may possess cannabis within any area of any motor vehicle upon a highway in this State except in a secured, sealed or resealable, odor-proof, child-resistant cannabis container that is inaccessible.

> (c) No passenger may possess cannabis within any passenger area of any motor vehicle upon a highway in this State except in a secured, sealed or resealable, odor-proof, child-resistant cannabis container that is inaccessible.

> (d) Any person who knowingly violates subsection (a), (b), or (c) of this Section commits a Class A misdemeanor.".

Based solely on this section of the Vehicle Code, along with the fact defendant's cannabis cigar was a legalized recreational amount, defendant contends, "there was no indication that [defendant] was transporting the cannabis illegally, consuming it illegally, on [*sic*] possessing illegal amounts of cannabis."

¶ 42        Defendant's argument does not acknowledge the officers had probable cause to search his vehicle based on a suspected violation of section 4 of the Cannabis Control Act (720

ILCS 550/4 (West 2022)). While defendant could legally possess less than 10 grams of cannabis under the Cannabis Control Act, defendant's possession of the cannabis cigar, along with the presence of "shake" on his lap, could lead a reasonable person to believe defendant filled the cannabis cigar with cannabis from a larger container located inside the vehicle. The State is correct in its assertion "[t]he officers did not have to immediately confirm that the blunt that they observed defendant holding was the only cannabis present in the vehicle, nor did the officers have to presume that defendant possessed it legally." For these reasons, we conclude the officers had probable cause to perform a warrantless search of defendant's vehicle.

¶ 43                                    III. CONCLUSION

¶ 44           For the reasons stated, we affirm the judgment of the trial court.

¶ 45           Affirmed.