2025 IL App (1st) 1230601-U

No. 1-23-0601

Order filed September 2, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20400313401 |
| | ) | |
| JACKIE BROWN, | ) | Honorable |
| | ) | Stanley L. Hill, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant failed to establish that he was denied effective assistance of counsel. This court lacks jurisdiction to consider defendant's arguments on an unsentenced count.

¶ 2    Following a bench trial, defendant Jackie Brown was found guilty of driving under the influence (DUI), making an improper turn, and driving with an open container of alcohol. He was sentenced to 24 months of conditional discharge.

¶ 3     On appeal, defendant contends that he was denied effective assistance when trial counsel failed to file a motion to suppress evidence recovered following a warrantless traffic stop when that stop was based on a police officer's improper understanding of section 11-801(a)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-801(a)(2) (West 2020)). In the alternative, defendant contends that he was not proven guilty beyond a reasonable doubt of making an improper turn in violation of section 11-801(a)(2) of the Code. We affirm.

¶ 4     Defendant was charged with, relevant here, DUI, making an improper turn, and driving with an open container of alcohol following a December 10, 2020, incident. We relate only those facts relevant to the issues on appeal.

¶ 5     At trial, Franklin Park police officer Quinones testified that just before midnight on December 10, 2020, he observed a silver sedan turn onto Mannheim Road in Franklin Park, cross "all lanes of traffic," and "start swerving" in the lane that it "settled in."[1]

¶ 6     The State then asked, "When you saw this vehicle cross all lanes of traffic *** was this against the Illinois Vehicle Code," and Quinones answered yes. The State next asked, "based on that Illinois Vehicle Code violation, did you subsequently curb the vehicle," and Quinones answered yes.

¶ 7     At this point, according to Quinones, defendant exited his vehicle and approached Quinones's squad car. When asked, defendant stated that his name was John Dansby. For safety, Quinones handcuffed defendant, who was "visibly agitated." Quinones smelled a strong scent of an "alcoholic based beverage" and observed defendant's bloodshot, watery eyes. Quinones then

[1] The report of proceedings does not contain Officer Quinones's first name.

administered three field sobriety tests. Defendant's results on these tests indicated impairment. Defendant initially stated that he had two beers and a shot, then later stated he had two beers.

¶ 8     Quinones believed that defendant was under the influence of alcohol based upon defendant's "improper turn" and the fact that defendant had a "hard time maintaining his lane." Additionally, defendant had an odor of alcohol and red bloodshot eyes, admitted to drinking, and performed poorly on the field sobriety tests. Quinones arrested defendant. A search of defendant's vehicle revealed a bottle of Hennessy with a broken seal and liquid missing from the bottle and a white foam cup. When Quinones opened the cup's lid, the cup's contents smelled of Coke and an alcoholic beverage. According to Quinones's training, a person is not allowed to drive with an open container of alcohol that is immediately accessible to the driver, and doing so violates the Code.

¶ 9     The State then sought leave to play certain dash camera footage from Quinones's police vehicle. The court admitted the footage and it was published.

¶ 10    Quinones narrated the footage, stating that defendant's vehicle drove through all lanes of traffic and drove over the white lines for a "little bit." He then stated that "[i]f you focus on it, in a little bit you will start seeing it go from right to left" and that the vehicle was close to the white lines.

¶ 11    This footage is included in the record on appeal and this court has viewed it.[2] In the footage, a vehicle drives onto a six-lane road and turns left, first entering the closest lane before quickly crossing all lanes and proceeding in the far right lane. At the 30-second mark according to the

_____

[2] We note that in his brief, defendant asserts that he turned left out of a parking lot. However, there is no indication in the report of proceedings that defendant turned out of a parking lot. Moreover, the footage is unclear as to where defendant commenced the turn at issue, from a parking lot or a street.

timestamp, the vehicle touches the white lane marker on the left side of the lane. At the 43-second timestamp, the squad car pulls abreast of the vehicle and it is no longer visible. The vehicle reappears at the 58-second timestamp. The vehicle's left turn signal activates and it moves into the center lane of traffic. At this point, the vehicle is very close to the white line marking the right side of the lane. By the 1:25 timestamp, the vehicle has moved close to the white line marking the left side of the lane. By the 1:31 timestamp, the vehicle is again close to the white line marking the right side of the lane. At the 1:43 timestamp, the left turn signal activates. At the 1:48 timestamp, the vehicle begins to change lanes and the squad car's lights activate. The vehicle's right turn signal activates, and it moves to the shoulder and stops.

¶ 12 During cross-examination, Quinones acknowledged that the vehicle did not speed and pulled over promptly. He did not see defendant stumble or lean on anything after exiting the vehicle. Defendant told Quinones that he was "bipolar," but did not admit to drinking inside the vehicle. Quinones acknowledged that the contents of the cup and the Hennessy bottle were not tested.

¶ 13 The court found defendant guilty of DUI, making an improper turn, and driving with an open container of alcohol. The trial court imposed a sentence of 24 months of conditional discharge, stating that, "[t]he sentence is to run concurrent." The court's written sentencing order states that defendant was sentenced to 24 months of conditional discharge for a violation of section 11-501(a)(2) of the Code (625 ILCS 5/11-501(a)(2) (West 2020)). Additionally, the "CASE SUMMARY" contained in the common law record states that defendant's sentence for DUI was 24 months of conditional discharge.

¶ 14    Defendant filed a combined motion to reconsider the finding of guilt and sentence, which the court denied.

¶ 15    On appeal, defendant first contends that he was denied effective assistance when trial counsel failed to file a motion to suppress evidence recovered from the traffic stop. He relies on *People v. Walker*, 2018 IL App (4th) 170877 to argue that a motion to suppress would have been successful when his left turn, the basis for Quinones's stop, did not violate section 11-801(a)(2) of the Code and the State failed to offer any other justification for the stop.

¶ 16    To succeed on a claim of ineffective assistance, a defendant must show that counsel's performance was deficient, and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant's failure to establish either prong of the *Strickland* test is fatal to his ineffective assistance claim. *People v. Webb*, 2023 IL 128957, ¶ 21.

¶ 17    Counsel's decision to file a motion to suppress is generally a matter of trial strategy entitled to great deference. *Id.* ¶ 23. To establish prejudice when an ineffective assistance claim is based on the failure to file a suppression motion, a defendant must demonstrate that the unargued suppression motion would have been meritorious and that a reasonable probability exists that the trial outcome would have been different had the evidence been suppressed. *People v. Henderson*, 2013 IL 114040, ¶ 15. We review whether a defendant was denied effective assistance *de novo*. *Webb*, 2023 IL 128957, ¶ 23.

¶ 18    The fourth amendment to the United States Constitution (U.S. Const., amend. IV) and article I, section 6, of the Illinois Constitution (Ill. Const. 1970, art. I, § 6) protect individuals from unreasonable searches and seizures. *People v. Timmsen*, 2016 IL 118181, ¶ 9. When the police stop a vehicle, they effectuate a seizure within the meaning of the Fourth Amendment. *Id.* Vehicle

stops are, therefore, analyzed pursuant to the principles established in *Terry v. Ohio*, 392 U.S. 1 (1968), such that the stop must be based on a "reasonable, articulable suspicion" that a person "has committed, or is about to commit, a crime." (Internal quotation marks omitted.) See *Timmsen,* 2016 IL 118181, ¶ 9. "The investigatory stop must be justified at its inception and the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the governmental intrusion upon the constitutionally protected interests of the private citizen." *Id.*

¶ 19   To assess the stop's validity, a court considers the totality of the circumstances and whether the facts available to the officer at the time of the seizure would warrant a reasonably cautious person to believe that the action taken was appropriate. *Id.* "If reasonable suspicion is lacking, the traffic stop is unconstitutional and evidence obtained as a result of the stop is generally inadmissible." *People v. Gaytan*, 2015 IL 116223, ¶ 20.

¶ 20   An officer may justifiably stop a vehicle based on the observation of a traffic violation. *People v. Sorenson*, 196 Ill. 2d 425, 433 (2001). Vehicle stops are subject to the Fourth Amendment's reasonableness requirement. *People v. Hackett*, 2012 IL 111781, ¶ 20. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." (Internal quotation marks omitted.) *People v. McDonough*, 239 Ill. 2d 260, 267 (2010).

¶ 21   Defendant's argument that his trial counsel was ineffective is based on an underlying contention that Quinones was not justified in stopping his vehicle because defendant "did not commit an improper turn," relying on *Walker*, 2018 IL App (4th) 170877.

¶ 22    In *Walker*, the defendant turned left and exited an intersection into the furthest available of two westbound lanes, and then proceeded in that lane. *Id.* ¶ 3. Immediately after the defendant exited the intersection, a police officer stopped him for making an improper left turn. *Id.* The defendant thereafter received a ticket for driving while his license was revoked. *Id.* ¶ 1.

¶ 23    The defendant filed a motion to suppress evidence asserting that the officer who stopped him lacked a reasonable, articulable suspicion that he had violated the law and, therefore, any evidence from the stop was obtained from an unreasonable search and seizure. *Id*.

¶ 24    At the hearing on the motion, the officer testified that he stopped the defendant due to an improper left turn, because the officer's understanding was that a driver must "stay in the closest lane" when turning left. *Id.*

¶ 25    The trial court, however, examined the plain language of section 11-801(a)(2) of the Code, which provided that a driver's "left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered." 625 ILCS 5/11-801(a)(2) (West 2020). The court found that the statute permitted the defendant to exit the intersection into either westbound lane of traffic, and granted the motion to suppress because the turn " 'was the only reason that the officer stopped [the defendant].' " *Id.* ¶ 7.

¶ 26    The State appealed, and the fourth district appellate court affirmed the trial court's order granting defendant's motion to suppress. The appellate court agreed that the plain language of the statute governing left turns allows a driver to turn left into any "lane lawfully available to traffic moving in such direction upon the roadway being entered," and accordingly, the defendant in *Walker* "did not violate the law by exiting the intersection into the farthest westbound lane of traffic" when making his left turn.

¶ 27    Defendant asserts that, like the defendant in *Walker*, he was permitted to turn left into any available lane of traffic, and accordingly, he did not commit an improper turn that would have justified Quinones's traffic stop when he turned into the furthest lane.

¶ 28    The State responds that defendant's left turn in this case was "markedly different" than the one at issue in *Walker*. The State contends that defendant's left turn here, in which he "entered the first [closest] lane" and then "veered diagonally across two lanes of traffic before arriving in the third lane," was a traffic violation justifying the traffic stop. Rather than leaving the intersection into an available lane of traffic like the defendant in *Walker*, defendant "left the intersection and used *all lanes* available to traffic to eventually arrive in the third lane." (Emphasis in original). Based on our review of the video, we agree that the turn made by defendant was different than the one at issue in *Walker*. However, we need not reach the issue of whether defendant's left turn was proper under *Walker* or section 11-801(a)(2) of the Code, because defendant's "swerving" provided an independent basis justifying Quinone's traffic stop.

¶ 29    As discussed, an officer may justifiably stop a vehicle based on the observation of a traffic violation. *Sorenson*, 196 Ill. 2d at 433. "Generally, an officer's observation of a traffic violation or erratic driving provides a sufficient basis for a traffic stop." *People v. Greco*, 336 Ill. App. 3d 253, 257 (2003); see also *People v. Brodack*, 296 Ill. App. 3d 71, 74 (1998) (the "observation of erratic driving is sufficient to justify a traffic stop").

¶ 30    Here, Quinones testified that defendant's vehicle crossed "all lanes of traffic," and "start[ed] swerving" in the lane that it "settled in." Quinones further testified that defendant had a "hard time maintaining his lane" and, when narrating the dash camera footage, noted that defendant's vehicle drove over the white lines for a "little bit," went from "from right to left," and

was close to the white lines. Accordingly, Quinones's observation of defendant's vehicle moving erratically between and over the white lines marking the lanes of traffic provided an alternative basis to justify the traffic stop. See *McDonough*, 239 Ill. 2d at 267 (an officer's decision to stop a vehicle is reasonable when the officer has probable cause to believe that a traffic violation occurred).

¶ 31    Having determined that there was a justifiable basis for the stop of defendant's vehicle, defendant has failed to establish that he was prejudiced by counsel's failure to file a motion to suppress. See *Henderson*, 2013 IL 114040, ¶ 15; see also *People v. Glass*, 232 Ill. App. 3d 136, 152 (1992) ("Defense counsel is not required to make futile motions or objections in order to provide effective assistance."). Defendant's ineffective assistance claim therefore fails. See *Webb*, 2023 IL 128957, ¶ 21.

¶ 32    Defendant next contends that his conviction for an improper turn must be vacated when the evidence failed to establish that he violated section 11-801(a)(2) of the Code. He relies on *Walker* for the proposition that section 11-801(a)(2) permits a driver turning left to terminate the turn in any lane rather requiring a driver to turn into the centermost lane.

¶ 33    However, we do not have jurisdiction to review defendant's claim. Although neither party questions our jurisdiction, we have a duty to consider it *sua sponte*. *People v. Blancas*, 2019 IL App (1st) 171127, ¶ 11. As the final judgment in a criminal case is the sentence, a defendant may only appeal convictions on which a sentence has been imposed. *People v. Relerford*, 2017 IL 121094, ¶ 71; *People v. Jones*, 2019 IL App (1st) 170478, ¶ 24.

¶ 34    The trial court found defendant guilty of DUI, making an improper turn, and driving with an open container of alcohol. When imposing the 24-month conditional discharge sentence, the

trial court stated that "[t]he sentence is to run concurrent." The trial court's written sentencing order states that defendant was sentenced to 24 months of conditional discharge for a violation of section 11-501(a)(2) of the Code, the DUI offense. The order does not mention the other two offenses. Based upon the record, the trial court imposed sentence on the DUI charge and did not impose separate sentences for making an improper turn and driving with an open container of alcohol.[3] This court therefore lacks jurisdiction to consider defendant's claim regarding the unsentenced making an improper turn offense. *Relerford*, 2017 IL 121094, ¶ 71.

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36    Affirmed

---

[3] Making an improper turn (625 ILCS 5/11-801(a)(2) (West 2020)), and driving with an open container of alcohol (625 ILCS 5/11-502(a) (West 2020)) are petty offenses (see 625 ILCS 5/11-202 (West 2020)).